Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7349 | **DATE** | November 10, 2011 |
| **CASE TITLE** | Johnnie Stallings (#2011-0506180) v. Cook County ,et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes the trust fund officer at plaintiff's place of confinement to make deductions in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Cook County Jail. The complaint is dismissed without prejudice to plaintiff submitting an amended complaint in accordance with this order. Plaintiff shall have 30 days from the date of this order to file an amended complaint; his failure to do so will result in the dismissal of this case. The clerk shall send to plaintiff an amended complaint form. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■  [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff Johnnie Stallings, Cook County Jail detainee #2011-0506180, has filed this 42 U.S.C. § 1983 civil rights action against Cook County, Sheriff Tom Dart, and Board President Toni Preckwinkle. Plaintiff states that, in May 2010, correctional officers "punched, ... kicked, and stomped" upon plaintiff, while he was in restraints being transferred either to or from jail. He seeks to file his complaint *in forma pauperis*.

The court finds that plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. The initial filing fee is waived. The trust fund officer at plaintiff's place of confinement is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments from plaintiff's account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the number of this case. Plaintiff shall remain responsible for this filing fee obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred.

Preliminary review of the allegations stated above indicate that plaintiff may be able to state colorable claims against the officers who beat him. The complaint, however, neither lists these officers as defendants (either by their names or as unknown officers referred to as John Does), nor indicates that plaintiff seeks to sue them. Rather, plaintiff names as the only defendants Cook County, Sheriff Tom Dart, and Cook County Board President Toni Preckwinkle.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

With respect to Preckwinkle and Dart, plaintiff's allegations indicate that he seeks to sue them as the officers' employers. Plaintiff alleges no personal involvement by Dart, but instead, states that Dart has "governing power which participates in the hiring of officers." (Complaint at 4.) Plaintiff asserts similar allegations against Preckwinkle. (*Id.* at 6.) Respondeat superior, where an employer can be held vicariously liable for the torts of employees, however, does not exist in § 1983. Rather, a § 1983 defendant must have personal involvement in the violation giving rise to the suit. *Chavez v. Ill. State Police*, 251 F.3d 612, 651-52 (7th Cir. 2001). Plaintiff alleges no personal involvement by either Dart or Preckwinkle.

To the extent plaintiff seeks to allege a negligent hiring or negligent supervision claim against either Dart or Preckwinkle, he provides no facts to support either claim. A complaint must describe a claim in sufficient detail to give the defendants "fair notice of what the ... claim is and the grounds upon which it rests," and its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Conclusory allegations are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1951 (2009). Plaintiff provides no grounds supporting negligent hiring or negligent supervision claims, and such claims are too speculative to proceed. As to Cook County, plaintiff states no claims against it, and the County is thus dismissed.

If plaintiff seeks to pursue excessive force claims against the individual officers who beat him, plaintiff must submit an amended complaint that not only asserts such a claim, but also lists those officers as defendants. If plaintiff does not know the officers' names, he may refer to them as John or Jane Doe, and name as an additional defendant a supervisory official (such as Tom Dart) who may be able to provide the identities of the officers. Once an attorney enters an appearance for Dart, plaintiff could then serve discovery requests to learn the officers names, and then substitute their names for the Doe Defendants and dismiss Dart.

Accordingly, the complaint is dismissed without prejudice to plaintiff submitting an amended complaint that states valid claims and clearly states why each listed defendant is being included in this case. Plaintiff is advised that an amended complaint replaces previous complaints and must be able to stand on its own without reference to a prior complaint. The court will refer only to the amended complaint to determine plaintiff's claims and the parties to this suit. Therefore, plaintiff must include in the amended complaint all the claims he seeks to raise in this case and list the defendants he seeks to sue in this case. Plaintiff must also file not only an original amended complaint and a judge's copy, but also a service copy for each named defendant.

Plaintiff is given 30 days to comply with this order. His failure to do so will result in the dismissal of this case. Plaintiff's motion for the appointment of counsel is denied without prejudice. Plaintiff does not indicate that he sought to obtain counsel or that he was prevented from doing so. Furthermore, the case at the present time does not involve complex discovery or an evidentiary hearing, and plaintiff's current pleadings indicate that he may proceed with his case at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).