# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7349 | **DATE** | April 4, 2012 |
| **CASE TITLE** | Johnnie Stallings, (#2011-0506180) v. Cook County, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's letter to the court [#8] is construed as a motion to alter or amend this court's 1/3/12 order dismissing this case. The motion is granted. This case is reinstated. Plaintiff may proceed with his amended complaint [#7] against Cook County Jail Officers Vale and Trezvino. The U.S. Marshal's Service is directed to serve these Defendants. The clerk shall forward a Magistrate Judge Consent Form and Instructions for Filing Documents in this court to Plaintiff.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

    Plaintiff Johnnie Stallings, currently incarcerated at Stateville Northern Reception Center ("NRC"), filed this 42 U.S.C. § 1983 civil rights action in October 2011. At that time, Plaintiff named as Defendants Cook County, Sheriff Tom Dart, and Board President Toni Preckwinkle. Plaintiff alleged that, in May 2010, jail officers "punched, ... kicked, and stomped" upon him, while he was in restraints being transferred. This Court granted his request to proceed *in forma pauperis* but dismissed the complaint without prejudice because it stated no claims against Cook County, Dart, or Preckwinkle and because it neither listed the jail officers as Defendants (either by their names or as unknown officers referred to as John Does), nor indicated that Plaintiff wanted to sue them. Plaintiff was given until December 10, 2011, to submit an amended complaint that named proper Defendants and that stated valid claims.

    On January 3, 2012, having received no pleadings from Plaintiff since the November 10, 2011, order, the Court dismissed this case. On February 10, 2012, the Court received an amended complaint and a letter from Plaintiff, stating that his legal mail was destroyed when he was transferred to Stateville NRC, that he did not have the case number of this case, and that his amended complaint previously forwarded to the Court was returned unfiled because it lacked a case number. The Court construes the letter as a motion to alter or amend the Court's January 3, 2012, order and grants the motion. The Court notes that Plaintiff's amended complaint is dated December 23, 2011, which is three weeks past the date he was to submit the complaint; however, the Court also notes that Plaintiff appears to have been transferred to Stateville and back to Cook County Jail after the November 10, 2011, order. Accordingly, the Court will reinstate this case and conduct a preliminary review of the amended complaint.

    Plaintiff's amended complaint, like his original complaint, describes an excessive force incident in May 2010, when he was allegedly beaten and stomped upon by Cook County Jail officers while being transferred in restraints from one unit to another. Plaintiff now identifies the officers by name, Officers Vale and Trezvino. Plaintiff has stated colorable claims against these officers, *see Acevedo v. Canterbury*, 457 F.3d 721, 724 (7th Cir. 2006), and the clerk shall issues summonses for service of the amended complaint on these officers.
**(CONTINUED)**

isk

**STATEMENT (continued)**

The U.S. Marshal is directed to serve these Defendants, and may send Plaintiff any forms necessary for service. Plaintiff's failure to return forms to the Marshal may result in the dismissal of Defendants. If Defendants are no longer employed at the Cook County Jail, officials there shall provide the Marshal with the Defendants' last known addresses, which shall be used only to effect service or show proof of service, and shall neither be kept in the court's record nor divulged by the Marshal. The Marshal may attempt to obtain waivers of service pursuant to Fed. R. Civ. P. 4(d), but if unable to obtain waivers, must attempt personal service.

Plaintiff must submit a judge's copy of all filings and must send a copy of all filings to Defendants, or to their attorney, after one enters an appearance. Plaintiff must include a certificate of service with each filing that states to whom and the date copies were mailed. Letters sent directly to the judge, as well as any submissions to the court that do not comply with the court's instructions, may be returned to Plaintiff without being filed.