IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JOHNNIE STALLINGS (R-32404),** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 11 C 7349 |
| | ) | |
| | ) | Judge Sharon J. Coleman |
| **COOK COUNTY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Johnnie Stallings ("Plaintiff"), currently confined at Pontiac Correctional Center, filed this civil rights action against Cook County Jail Officers Vale and Trevino ("Defendants"). Plaintiff alleges that, on May 12, 2010, while he was confined at the Cook County Jail, Defendants beat and stomped upon Plaintiff while transporting him from one area of the jail to another. Other claims and parties listed in the original complaint have been dismissed by previous order of this Court. Currently pending is Defendants' motion for summary judgment. They contend that Plaintiff failed to exhaust administrative remedies in accordance with 42 U.S.C. § 1997e(a). Plaintiff has responded. For the following reasons, the Court grants Defendants' motion.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Jajeh v. County of Cook*, 678 F.3d 560, 566 (7th Cir. 2012). In addressing a motion for summary judgment, this Court construes all facts and makes all reasonable inferences in favor of the non-moving party. *Jajeh*, 678 F.3d at 566. Once the moving party demonstrates the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-movant must go

beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Hannemann v. Southern Door County School Dist.*, 673 F.3d 746, 751 (7th Cir. 2012). A genuine issue of material fact exists only if there is evidence "to permit a jury [or in this case, a judge] to return a verdict for" the non-moving party. *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010); *see also Pavey v. Conley*, 544 F.3d 739, 741-42 (7th Cir. 2008) (a court, as opposed to a jury, must determine if an inmate exhausted administrative remedies).

When addressing a summary judgment motion, this Court derives the background facts from the parties' N.D. Ill. Local Rule 56.1 Statements, which assist the court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). The movant's Rule 56.1 Statement must "consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." Local Rule 56.1(a)(3). The non-movant must respond "to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local Rule 56.1(b)(3)(B). The non-movant may submit "affidavits or other materials" to support his or her responses to the movant's statements, as well as any additional facts requiring denial of summary judgment. Local Rule 56.1(b)(1); *see also* Fed. R. Civ. P. 56(c). A non-movant's failure to respond properly to a Local Rule 56.1 statement of fact that is supported by the record results in that fact being considered admitted. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006) (a nonmovant's "failure to respond in kind [to a movant's Rule 56.1 Statement] results in deeming admitted the uncontroverted statements in [the] Local Rule 56.1(a) submission"); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006); *see also* Local Rule 56.1(b)(3)(C) ("All material facts

set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.")

In the present case, because Plaintiff is proceeding *pro se*, the Defendants served him with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" as required by Local Rule 56.2, explaining the consequences of failing to respond properly to a motion for summary judgment and to the facts set out in the movant's Local Rule 56.1 Statement. (R. 34.) Plaintiff filed a response to Defendants' summary judgment motion but not to their Rule 56.1 Statement. (R. 39.) Although Plaintiff's response addresses and disputes some of Defendants' statements of fact in their Rule 56.1 submission, he has not responded in accordance with Rule 56.1(b), which was explained to him in the Rule 56.2 notice he received. This Court will liberally construe pleadings from *pro se* plaintiffs; however, such litigants must still comply with the Court's local procedural rules. *Dale v. Poston* 548 F.3d 563, 568 (7th Cir. 2008); *Cady*, 467 F.3d at 1061. Accordingly, this Court will consider Defendants' Rule 56.1 statements, to the extent they are supported by the record, admitted. *Raymond*, 442 F.3d at 608. The Court notes, however, that even considering the facts Plaintiff disputes in his summary judgment response, such facts either are not material to the issue of exhaustion or cannot be used because they conflict with Plaintiff's deposition testimony. With these standards in mind, the Court turns to the facts of this case, noting facts that Plaintiff disputes.

**FACTS**

At all times pertinent to this suit, Plaintiff was incarcerated at the Cook County Jail. (R. 33, Defs. Statement of Facts ("SOF") at ¶ 2.) Defendants state that Plaintiff was assigned to Divisions 9 and 11 at the jail; Plaintiff contends that he was not housed in those divisions. (*Id.* at ¶ 4; R. 39, Pl.'s Response.) On May 12, 2010, Plaintiff was being transferred from Division 11 to Division 5 for a psychological evaluation. (Defs. SOF at ¶ 5.) According to Plaintiff, Defendants beat him while he was being escorted from the psychological visit. (*Id.* at ¶ 6.) Plaintiff was familiar with the jail's grievance

procedures. (*Id.* at ¶ 8.) He contends he filed a grievance about the May 12, 2010, incident, though he does not remember precisely when; he stuck his grievance in the door of his cell; and someone (he does not know who) picked it up. (*Id.* at ¶¶ 7, 9-11.) Plaintiff never heard a response from his grievance and he does not know what happened to it after it was taken from his cell door. (*Id.* at ¶¶ 11-12.) Plaintiff states that he had a copy of the grievance up until the time he was transferred from the jail to Stateville Correctional Center but that officers destroyed his mail, including his copy of the grievance, during the transfer. (*Id.* at ¶¶ 13-14.) A search of grievances filed at the Cook County Jail reveal none filed with Plaintiff's jail identification number regarding the May 12, 2010, incident. (*Id.* at ¶¶ 19-20.)

Plaintiff testified in his deposition that he submitted only one grievance about the May 12, 2010, incident. (*Id.* at ¶ 15.) He did not follow up with the grievance; nor did he refile it or submit another grievance about the May 12, 2010, incident. (R. 33, Exh. A, Pl.'s Depo. at 70-71.) Contrary to his deposition testimony, Plaintiff states in his response to Defendant's summary judgment motion that he filed a second grievance seeking a response to the first grievance. (R. 39 at p.3.) His current contention that he filed a second grievance seeking a response to the first grievance conflicts with his deposition testimony where he was asked: "So you never followed up with an additional grievance, nor did you ever provide a copy to anybody else at the Cook County Sheriff's Department, would that be correct?" Plaintiff responded, "Correct." (R. 33, Exh. A, Pl. Depo. at 71.) It was further made clear in his deposition that he submitted one grievance about the May 12, 2010, incident and "that was it." (*Id.*)

Plaintiff's current statements about submitting a follow-up grievance cannot be considered. When responding to a motion for summary judgment, plaintiffs may rely on their own sworn statements in an affidavit or other documents sworn to under penalty of perjury, *see Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004); but they may not create "issues of fact with affidavits that contradict their prior depositions." *Ineichen v. Ameritech*, 410 F.3d 956, 963 (7th Cir. 2005). Thus "where a deposition and affidavit are in conflict, the affidavit is to be disregarded unless it is demonstrable that the statement in

the deposition was mistaken, perhaps because the question was phrased in a confusing manner or because a lapse of memory is in the circumstances a plausible explanation for the discrepancy." *Velez v. City of Chicago*, 442 F.3d 1043, 1049 (7th Cir. 2006) (internal quotation marks and citation omitted). Plaintiff's current statements contradict his deposition testimony, and he does not demonstrate a sincere mistake with or misunderstanding of the deposition questions. This Court thus will disregard Plaintiff's statements about filing a second grievance seeking a response to his May 2010 grievance.

## DISCUSSION

The Prisoner Litigation Reform Act requires that "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other federal law, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. Under § 1997e's exhaustion requirement, no prisoner "is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Even where the prisoner seeks relief that was unavailable in the administrative system, such as money damages, he must still exhaust available administrative remedies. *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006).

Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Woodford*, 548 U.S. at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of a prison grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *Dole*, 438 F.3d at 809; *see also Woodford*, 548 U.S. at 90. "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Pavey v. Conley*, 663 F.3d 899, 905-06 (7th Cir. 2011). Such an opportunity exists only if "the grievant complies with the system's critical

procedural rules." *Id.* However, administrative remedies cannot be considered "available" for an inmate if jail officials prevent him from utilizing the administrative process. *Id*. at 906.

Defendants provide a copy of General Order 14.5, which sets out the grievance procedures at the Cook County Jail. (R. 33, Exh. C1.) General Order 14.5, Section III.B.2 states that an inmate should submit his grievance within 15 days of the incident that is the subject of th grievance, that grievances should be placed in a designated lockbox, and that grievances are picked up daily by a Correctional Rehabilitation Worker ("CRW"). (*Id.* at III.B.2 and 3.) The General Order further states that all grievances should be addressed by the CRW within 30 days after it is submitted. ( III B. 10.) If a grievance is not resolved during that time, the CRW is supposed to inform the Superintendent. (*Id.*) If an inmate wishes to appeal the grievance decision, he has five business days from receipt of the decision to do so. (*Id*. at Section III.C.1.)

Viewing the summary judgment evidence in this case in a light most favorable to Plaintiff, on May 12, 2010, he placed a grievance in the area of his cell door where letters and mail are placed; an unknown officer picked it up; and Plaintiff never heard a response. (R. 33, Defs.' SOF ¶¶ 7-13.) Placing a grievance in a area of a cell door for mail is not the procedure set out by jail rules for submitting a grievance. According to General Order 14.5(III)(B)(2), grievances are supposed to "be placed in the designated locked box located on each living unit." (R. 33, copy of General Order 14.5, Exh. 1 attached to Exh. C.) "To exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim." *Pozo,* 286 F.3d at 1025. Plaintiff's description of how he submitted his grievance indicates that he did not "properly use the [jail]'s grievance process." *Dole*, 438 F.3d at 809 ("A prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted.").

Even if this Court considered Plaintiff's placement of a grievance in his cell door sufficient for submitting a grievance, his failure to follow up with the grievance demonstrates that he did not utilize available remedies. While Plaintiff was required to exhaust only those administrative remedies that were "available," *see Woodford*, 548 U.S. at 102; *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2007), the "availability" of a remedy is a matter of what, in reality, is open for an inmate to pursue. *See Kaba*, 458 F.3d at 684; *see also Taylor v. Cook County*, No. 11 C 7427, 2013 WL 2285806, 4 (N.D. Ill. May 23, 2013) (Kendall, J.). "Prison officials may not take unfair advantage of the exhaustion requirement, ... and a remedy becomes unavailable if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809. Inmates, however, must take adequate steps to ensure that they utilize the grievance system that is made available to them. The appropriate analysis focuses on whether the inmate took steps to avail himself of the administrative process. *See Dole*, 438 F.3d at 809; *Taylor*, 2013 WL 2285806, at 4. If he followed the prescribed steps and could do nothing more, he is considered to have exhausted available remedies. *Dole*, 438 F.3d at 811. If, however, he understands the grievance process and did nothing after hearing no response to a grievance, such inaction indicates that he did not utilize and exhaust available remedies. *See Taylor*, 2013 WL 2285806 at 4; *see also Logan v. Emerson*, No. 10 C 4418, 2012 WL 3292829, 5 (N.D. Ill. Aug. 9, 2012) (Zagel, J.).

The summary judgment evidence shows that Plaintiff placed a grievance in his cell door sometime after the May 12, 2010, incident; he never heard a response. When asked in his deposition, "Did you ever try to re-file that grievance or a copy to anybody, give it anybody else?" Plaintiff answered: "Due to the fact that I saw how the grievance was, so basically inaccurate, no." (R. 33, Exh. A, Pl.'s Depo. at 70.) Plaintiff further responded "Correct," when asked: "So you never followed up with an additional grievance, nor did you ever provide a copy to anybody else at the Cook County Sheriff's Department, would that be correct?" He then clarified that his one grievance about the

May 12, 2010, incident "was it." (*Id.*)[1] Plaintiff acknowledged that he was familiar with grievance procedures, that he filed other grievance about other issues, and that he received a response to at least one of those grievances. (*Id.* at 61, 67-70.) As one familiar with the grievance procedures, Plaintiff should have known that his grievance had not been received or reviewed.

Simply submitting a grievance and not receiving a response is insufficient to establish that the grievance process is unavailable. *See, e.g., Logan v. Emerson*, No. 10 C 4418, 2012 WL 3292829, 5 (N.D. Ill. Aug.9, 2012) (Zagel, J.) (finding prisoner failed to exhaust his administrative remedies where the prisoner "provided no evidence ... that he followed up, sought instruction as to how to exhaust a lost grievance, or pursued the issue in any way"); *see also Taylor v. Cook County*, No. 11 C 7427, 2013 WL 2285806, 4 (N.D. Ill. May 23, 2013) (Kendall, J.) (inmate failed to use available remedies when he filed a grievance, heard no response, did not follow up with the grievance, was familiar with the grievance process, and had received responses to other grievances); *Nesbitt v. Villanueva*, No. 09 C 5299, 2010 WL 4932423, at *3–4 (N.D.Ill. Nov.29, 2010) (Conlon, J.) (same).

Cases where the grievance process was unavailable differ from the instant one. In *Brengettcy*, when the inmate learned that his grievance was missing, lost, or destroyed, he attempted to determine what steps to take to complete the grievance process. *Brengettcy v. Horton*, 423 F.3d 674, 678-79 (7th

---

[1] Plaintiff further stated in his deposition that he asked "the grievance lady" a few times about his grievance regarding the March 12, 2010, incident, yet heard no response. (R. 33, Exh. A, Pl. Depo. at 65-66.) Neither Plaintiff nor Defendants refer to this deposition testimony in their summary judgment pleadings, and this Court need not consider it. *See United States v. 5443 Suffield Terrace, Skokie, Ill.*, 607 F.3d 504, 510 -11 (7th Cir. 2010) ("it [i]s not the district court's job to sift through the record and make [a party]'s case for him"); *Roger Whitmore's Auto. Services, Inc. v. Lake County, Illinois*, 424 F.3d 659, 664 n.2 (7th Cir. 2005). Nonetheless, even considering this testimony, it does not indicate that Plaintiff sought to utilize available administrative remedies, but rather, quite the contrary. Plaintiff stated that he was familiar with the grievance process, that he had received a response to another grievance, and that he had a copy of the grievance during his stay at the jail. (R. 33, Exh. A, Pl. Depo. at 61, 63, and 66-67.) Such evidence demonstrates not that Plaintiff attempted to use the grievance system yet couldn't, but rather, that it was clear to him his grievance was either not received or not reviewed and that he needed to resubmit it.

Cir. 2005). In *Lewis*, the inmate submitted several grievances, all of which were unanswered. *Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002). In *Smith*, an inmate received no responses to three grievances about the incident that was the subject of his suit. *Smith v. Hardy*, No. 10 C 6436, 2012 WL 2127488, 4 (N.D. Ill. Jun 12, 2012) (St. Eve, J.). Although administrative remedies were considered unavailable in *Dole* when an inmate received no response from the Administrative Review Board after he put his grievance in an envelope and "placed the envelope in the 'chuckhole' of his cell for the guard to pick up and mail," the defendants in *Dole* conceded that submitting a grievance for mailing to the ARB "was the only procedure that was available to [the inmate]." *Dole*, 438 F.3d at 807. In the instant case, Plaintiff's placement of the grievance in his cell door was not the only procedure available to him and he could have submitted another grievance or resubmitted his grievance, which he states he kept a copy of during his incarceration at the jail.

Based upon the summary judgment evidence, this Court concludes that Plaintiff did not exhaust available remedies. Given that Plaintiff's claims concern an incident that occurred in October of 2010, and that an inmate has only 15 days at the jail to submit a grievance, it appears that Plaintiff cannot now exhaust administrative remedies. This case is thus dismissed with prejudice. If Plaintiff is able to now exhaust administrative remedies, i.e., if he requests that jail officials now review a grievance allegedly lost in 2010, and jail officials review his grievance, Plaintiff may seek to reopen this case.

## CONCLUSION

For the reasons stated above, the Court grants Defendants' motion for summary judgment (R. 32), and dismisses this case with prejudice.

ENTER: _____
Sharon Johnson Coleman
United States District Court Judge

DATE: <u>July 12, 2013</u>